# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN LATIK MOORE | ) | |
|     Plaintiff, | ) | Civil Action No. 12-177Erie |
| | ) | |
| v. | ) | District Judge Schwab |
| | ) | |
| DENNIS CLAYTON ADAMS, II, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

D.J. Arthur J. Schwab

### Relevant Procedural History

This civil rights action was filed on August 2, 2012. Plaintiff alleges that his constitutional rights were violated during his incarceration. Originally named as Defendants to this action were: Dennis Adams; Lt. Gill; Corrections Officers Rook, Thompson, Stoddard, Constanza, Zarichnak, Ochs, Speers, Dickey, Brian, Smith, Apodaca, McMahon, Duncan, Deer, Grassmeyer, Andrako, Barger, and Murin; Superintendent Debra Sauers; Health Care Administrator Donald Skunda; Nurse Matt; Physicians' Assistant Sherbine; and Registered Nurse Bell.[1]

A motion to dismiss by Defendants was granted resulting in the termination of several other Defendants[2] as well as several claims. See ECF Nos. 19, 20. However, because the motion to dismiss did not address all of Plaintiff's claims, several remain:

---

[1] Later, Plaintiff voluntarily withdrew his claims against Defendants Ochs, Speers, Dickey, Brian, Apodaca, McMahon, Duncan, Skunda, and Sherbine (see ECF Nos. 17, 18) and these Defendants were terminated as parties.

[2] The motion to dismiss resulted in the termination of Defendants Deer, Grassmeyer, Nurse Matt, Sauers, Andrako, and Nurse Bell.

1

- An excessive use of force claim against Defendants Rook, Adams, and Thompson based upon the July 31st assault;

- Eighth Amendment claim against Defendant Murin based upon the wrongful confiscation of Plaintiff's medication;

- Eighth Amendment claim against Defendants Stoddard, Zarichrak, and Costanza based on the denial of underclothes and bedding while in the RHU;

- Eighth Amendment claim against Defendants Stoddard, Zarichrak, and Costanza based on the denial of medical attention while in the RHU;

- Eighth Amendment claim against Defendant Gill for deliberately celling Plaintiff with inmate Henry which resulted in a physical attack; and

- Eighth Amendment claim against Defendant Smith for deliberately double celling Plaintiff after the attack by Henry.

ECF No. 19.

By Order dated September 3, 2013, United States Magistrate Judge Baxter issued a Case Management Order setting deadlines for the parties. ECF No. 25. Among other things, the Order set a discovery period and directed that Plaintiff file a pre-trial narrative statement on or before December 23, 2013. The Order explained that the statement must contain a statement of the facts that will be offered by evidence at trial and must include a list of all exhibits and all witnesses for trial. In anticipation of an upcoming trial, the undersigned issued a Pretrial Order on November 26, 2013, setting jury selection and trial in this matter for April 7, 2013. ECF No. 26.

Plaintiff failed to file a pretrial narrative statement as ordered. By Order dated December 31, 2013, Magistrate Judge Baxter directed that Plaintiff show cause before January 7, 2014, for his failure to file the pretrial narrative statement. ECF No. 27. On January 10, 2014, Magistrate Judge Baxter received a letter from Plaintiff (ECF No. 28), wherein he explains that he had not received any correspondence from this Court since September 2013 (presumably Magistrate Judge Baxter's Case Management Order), that he did not know he had to file a pretrial narrative

2

statement, and requests that his trial be delayed until a lawyer is appointed to represent him. This Court will liberally construe this letter as a response to the show cause order.

**Request for Appointment of Counsel**

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit identified factors to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(e)(1).[3] These factors have been affirmed many times as the appropriate basis for review. See, e.g., Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." Tabron, 6 F.3d at 155. The court should not appoint counsel unless it appears that the claim has some merit. Id.

Provided that the claim has some merit, the court must then consider the following factors to determine whether to appoint counsel: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue that investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations, and 6) whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499, quoting Tabron, 6 F.3d at 155-57.

The Court of Appeals for the Third Circuit recognized that there are significant practical restraints on the district court's ability to "appoint" counsel citing "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake

---

[3] Actual 28 U.S.C. § 1915(e)(1) does not authorize the Court to "appoint" counsel. Rather, it authorizes the Court to "request" an attorney to represent a litigant unable to employ counsel. The importance of this distinction was recognized by the Supreme Court in Mallard v. United States District Court, 490 U.S. 296 (1989).

3

such representation without compensation." Tabron, 6 F.3d at 157. The Court also recognized that there are many cases in which district courts seek to "appoint counsel but there is simply none willing to accept the "appointment." The Court of Appeals explained:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive filed, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decision in the area.

Id. at 157, n.7.

The Tabron Court also recognized that volunteer lawyer time is extremely valuable and a district court should not request counsel under § 1915 indiscriminately:

> Volunteer lawyer time is a precious commodity … Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

Id. at 157. The Court of Appeals for the Third Circuit emphasized that the "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

This Court would like to have capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal (under 28 U.S.C. § 1915(e) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure). Unfortunately, there are not enough attorneys in this district who are willing to undertake such representation. In addition to the factors discussed by the Court of Appeals, this Court recognizes other facts that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview. The lawyer sometimes must accept frequent collect calls from the prisoner.

4

The number of attorneys in this district who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel is high. Therefore, this Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion for the "appointment" of counsel.

It is possible that Plaintiff's claims may have some arguable merit. Therefore, the claim passes the threshold analysis and this Court must consider the six factors set forth in Tabron v. Grace. Here, after considering all of the factors and considerations discussed above, it appears that Plaintiff's claims are not sufficiently extraordinary to require counsel to represent him pursuant to 28 U.S.C. § 1915(e). See Tabron, 6 F.3d 147; Jones v. Lilly, 37 F.3d 964 (3d Cir. 1994). From the pleadings presently before this Court it appears that Plaintiff's case is straightforward and does not present particularly difficult legal issues. Additionally, it appears that Plaintiff is literate. These factors weigh in favor of the denial of the "appointment" of counsel. Practically every case that goes to trial involves issues of fact. This case does not appear to require particularly complex credibility determinations. As a *pro se* litigant, Plaintiff will have the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny. This may be of more benefit to him than an attorney who is not knowledgeable about prisoner law.[4]

After considering all of the appropriate factors, Plaintiff's request for the appointment of counsel is denied.

---

[4] Plaintiff's letter to the Court complains that another inmate who had assisted him in his court filings in the past was no longer available to him. He argues that he is unable to proceed without his help or an appointed attorney. Based upon the analysis above, an attorney is not an option here. Moreover, prisoner plaintiffs are under the same requirements as all litigants before this Court, and with the aid of the Court's orders and instructions must be able to prosecute their own cases.

**Failure to Prosecute**

The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court concludes that Plaintiff's failures should result in dismissal of this action. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this stage of the proceedings.

Since the filing of this matter, Plaintiff has taken none of the necessary steps to prosecute this case. Besides the filing of the original complaint in August of 2012, Plaintiff has done very little to participate in the prosecution of this case. Plaintiff did not file any opposition to Defendants' motion to dismiss despite being given the opportunity to do so and despite being given notice by the Court that the motion to dismiss may be converted into a motion for summary judgment. Although claims remain pending in this action, it is not because Plaintiff has prosecuted his case.

Plaintiff acknowledges that he received "correspondence" from this Court in September of 2013, so his claim that he did not know he had to file a pretrial narrative statement is suspect. The only Order of the Court issued during that time period in this case is the Case Management Order setting the discovery period and ordering the filing of the pretrial narrative statements. Plaintiff has known for months that his pretrial narrative statement was due (even if he did not know the date that trial was set), and he was given particularized instructions on the content of a pre-trial narrative so to assist him in its construction. The Court also notes that Plaintiff has failed to conduct any discovery, and the discovery deadline passed on December 31, 2013.

Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ecf-registered counsel of record

**JUSTIN LATIK MOORE**
HB9210
SCI DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612
PRO SE